## Commonwealth *v.* Hough, Appellant.

248

Argued November 26, 1947. Before Maxey, C. J., Linn, Stern, Patterson, Stearne and Jones, JJ.

reargument refused January 19, 1948.

*Louis F. McCabe,* with him *William N. J. McGinniss,* for appellant.

*Ephraim Lipschutz,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

Opinion by Mr. Justice Jones, January 5, 1948:

The appellant entered a plea of guilty generally to an indictment charging him with murder. The court below (composed of three judges), after hearing testimony of both sides, found the homicide involved to be murder in the first degree and fixed the penalty at death. The appellant makes no complaint of the degree of guilt so adjudged. In his printed brief on this appeal, it is stated that "There is no contention that the crime was other than that of murder of the first degree, since it was a crime committed in the course of a robbery . . .". With that conclusion, no one could reasonably disagree. What the appellant contends is that the learned court

below erred in sentencing him to death rather than to life imprisonment. It is not apparent from the record in his case how we could possibly interfere with the action of the learned court below in respect of the penalty imposed.

In the late afternoon of January 30, 1947, the defendant, armed with a loaded .45 caliber automatic revolver, and two confederates also armed, entered a chain grocery store on Fairmount Avenue in Philadelphia for the purpose of committing a robbery therein. The three culprits had been together for several hours that afternoon, drinking, and had arrived at the store in an automobile which they had stolen a short while before (with a display of armed force) for use in making a getaway after the robbery. To that end, they had parked the stolen automobile along the curb outside the store. The deceased, Cecil Ingling, for whose killing the indictment in this case was found, was a police officer of the City of Philadelphia, but, at the time in question, he was off duty and garbed in civilian clothes. With his wife, a son and a daughter, he had driven in his automobile to a point outside the store for the purpose of getting his pay check cashed and of doing some shopping. When the robbers ran from the store, the defendant having forcibly taken money from the store's cash registers and also from a waiting customer, Ingling grappled with the defendant but soon fell to the pavement mortally wounded by a shot fired by one of the defendant's companions. The defendant jumped into the stolen automobile, where his companions already were, but the door of the automobile had been sprung and would not close with the result that when the driver made a sudden turn, the defendant was thrown to the street. His capture soon followed. In the meantime, he had thrown away his revolver and the stolen money and had attempted to escape by running away.

As the appellant concedes, the killing was murder in the first degree. As to that, there is not the slightest

room for doubt. The homicide was a felonious killing with malice aforethought and, therefore, murder; and the statute makes a murder committed in the perpetration of, or attempting to perpetrate, a robbery murder in the first degree: Act of June 24, 1939, P. L. 872, Sec. 701, 18 PS § 4701. Nor is the murderer's flight to escape apprehension any the less a part of the perpetration of the robbery: *Commonwealth v. Doris,* 287 Pa. 547, 550-551, 135 A. 313, and cases there cited. The discretion exercised in sentencing for murder in the first degree, upon a plea of guilt, is reposed by the statute in the trial court: Act of 1939, cit. supra. It could, therefore, be only for a manifest abuse of discretion that we would be warranted in intervening on appeal to change the sentence in such a case from death to life imprisonment: cf. *Commonwealth v. Samuel Jones,* 355 Pa. 522, 534, 50 A. 2d 317, and cases there cited. And, no such abuse of discretion has been here shown.

From the colloquy which took place between the court below and defendant's counsel at the conclusion of the hearing, as well as from the court's written opinion in justification of the sentence imposed, we had gained the impression that it was because the defendant had not fired the fatal shot that his counsel urged the lesser penalty as the proper sentence to be meted out to him. However, appellant's counsel corrected us in such connection at the argument of this appeal. His position, as stated in the appellant's printed brief, is that "The Legislature in providing that the death penalty should no longer be the only punishment for the crime of murder in the first degree [1] [footnote quotes relevant provision of Act of 1939, supra], did not at all indicate the thought that the death penalty was the normal penalty, and that mitigating circumstances must be found to 'justify' a Court in fixing the lesser of the two penalties". Of course, the answer to that argument is that, in legal contemplation, the one penalty is just as "normal" as the other for murder in the first degree.

The choice is a matter for a jury's discretion upon a finding of first degree guilt in a case submitted to it, or for the discretion of the trial court upon a defendant's plea of guilt. So that, whether the selection of the one penalty or the other be made by a jury or by a court, it involves the exercise of a duly reposed discretion which will not be disturbed on appeal except for a clear abuse.

In reviewing death sentences for murder in the first degree imposed upon pleas of guilt, we have at times said substantially that it is when mitigating circumstances are proven to exist that a court is justified in imposing the lesser of the two penalties: cf., e.g., *Commonwealth v. Sterling*, 314 Pa. 76, 78, 170 A. 258; *Commonwealth v. Hipple*, 333 Pa. 33, 38, 40, 3 A. 2d 353; *Commonwealth v. Howell*, 338 Pa. 577, 581, 13 A. 2d 521; *Commonwealth v. Pepperman*, 353 Pa. 373, 377, 45 A. 2d 35. But, it should be noted that that was said in upholding what a trial court had competently done and no abuse of discretion had been shown. It does not mean that a court or jury would err in imposing life imprisonment as the penalty for a first degree murder even when no mitigating circumstances have been shown to exist. As already stated, the matter of the sentence in first degree murder cases is in the hands of the jury or the court, as the case may be. Obviously, we have no means for inquiring, and consequently no logical right to inquire, into the mental processes by which one or the other of the qualified bodies arrives at a sentence authorized in the circumstances. Nor have we attempted a category of the elements that in general might be thought to justify the one sentence over the other. On the contrary, we took occasion to point out in *Commonwealth v. Samuel Jones, supra*, that "It does not lie within our province, as an appellate court, to attempt a catalogue of relative grades or shades of brutality, viciousness or depravity as a fixed and immutable standard for juries or trial courts in appraising death in one

instance and life imprisonment in the other as the appropriate penalty for first degree murder". We refrain, therefore, from relating the elements appearing of record in this case which quite possibly inclined the learned court below to impose the death sentence. It is sufficient here to say that the power to sentence lay with the court in this instance and that the sentence imposed has statutory sanction.

Notwithstanding that the defendant, under the advice of able counsel, pleaded guilty to the murder for which he was indicted and throughout has conceded that it was murder in the first degree, we have reviewed both the law and the evidence in the case, as we are bidden by statute to do in first degree murder cases (Act of February 15, 1870, P. L. 15, Sec. 2, 19 PS § 1187), and we find the ingredients necessary to constitute murder in the first degree to have been proven to exist.

Judgment and sentence affirmed.