Commonwealth *v.* Taranow, Appellant.

Argued April 12, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William A. Gray,* with him *Gray, Anderson, Schaffer & Rome,* for appellant.

*C. William Kraft, Jr.,* District Attorney, with him *R. Paul Lessy,* Assistant District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, May 24, 1948:

The appellant entered a plea of guilty to an indictment charging him with murder. The court en banc (composed of three judges), after hearing the evidence proffered by each side in relevant connection, adjudged the crime to be murder in the first degree, fixed the penalty at death and imposed sentence accordingly: Act of June 24, 1939, P. L. 872, Sec. 701, 18 PS § 4701. On this appeal, the defendant assigns for error solely the learned trial court's action in fixing death rather than life imprisonment as the penalty.

Apart from the appellant's admission of his guilt, his able and experienced counsel concedes that the offense was murder in the first degree. Nonetheless, we have reviewed both the law and the evidence in the case as we are

required in the circumstances to do (Act of February 15, 1870, P. L. 15, Sec. 2, 19 PS § 1187) and find that the ingredients necessary to constitute murder in the first degree have been proven to exist. The killing in question was a felonious homicide with malice aforethought and, therefore, murder: *Commonwealth v. Samuel Jones,* 355 Pa. 522, 525, 50 A. 2d 317; *Commonwealth v. Wucherer,* 351 Pa. 305, 310-311, 41 A. 2d 574; and, as it was committed in an attempt to perpetrate a robbery, it was murder in the first degree: Act of 1939, loc. cit. supra.

The Act of 1939, supra, specifically provides that "In cases of pleas of guilty, the court, where it determines the crime to be murder of the first degree, shall, *at its discretion,* impose sentence of death or imprisonment for life". (Emphasis supplied). The extent of our function in the premises is merely to review for a possible abuse of the discretion so reposed in the trial court: *Commonwealth v. Hough,* 358 Pa. 247, 250, 56 A. 2d 84. "The point for consideration [on appeal] is not whether this Court would have imposed the death penalty but whether the discretion vested in the court below 'was judicially exercised, . . .' ": *Commonwealth v. Howell,* 338 Pa. 577, 580, 13 A. 2d 521.

As an examination of the reported cases will reveal, an abuse of discretion in such regard is indeed rarely to be found so long as the established guilt of murder in the first degree has been competently determined and the penalty imposed is in keeping with the alternative prescription of the statute. The fact is that, since juries were first empowered to select the appropriate penalty in first degree murder cases as between death and life imprisonment (Act of May 14, 1925, P. L. 759), there has been no instance where a jury's fixing of the penalty at death (upon a verdict of guilty of murder in the first degree) has been interfered with on appeal. The reason for that is evident. When a jury finds a defendant guilty of the highest grade of crime possible for a felonious homicide, viz., murder in the first degree, it then becomes its prov-

ince to fix the penalty by its verdict, as provided by the statute; and, when it has done that, it has done its legal duty and its action may not properly be called in question. On the other hand, the discretion exercised by a court in fixing the penalty for a conviction of murder in the first degree, founded upon a plea of guilt, is considered reviewable, as the judicial exercise of a legal discretion is ordinarily reviewable; but, to date, there have been only two instances in which the sentence of death fixed by the trial court has been reduced by this court on appeal to life imprisonment: see *Commonwealth v. Garramone,* 307 Pa. 507, 515, 161 A. 733 (1932); *Commonwealth v. Irelan,* 341 Pa. 43, 47, 17 A. 2d 897 (1941). And, a reading of those cases should readily persuade of the justice of the action there taken.

The contention that a life sentence rather than death is warranted in the instant case rests upon the suggestion that the defendant was below normal mentally. That assumption is based, in turn, upon characterizations of the defendant given by psychiatric experts who testified at the hearing that he is emotionally unstable and a psychopathic personality. See *Commonwealth v. Hawk,* 328 Pa. 417, 421, 196 A. 5. But, all of such witnesses (three for the prosecution and three for the defense) were in accord that, at the time of the commission of the homicide, the defendant was, and now is, sane: cf. *Commonwealth v. Howell,* supra. Appellant's counsel frankly stated at bar that the alleged deviation from normal mentality was not such as to justify interposing, in the defendant's behalf, a defense of insanity to the charge of the indictment. In substantial effect, that concession carries with it an admission that the defendant possessed and possesses the mental capacity necessary to enable him to distinguish between right and wrong and sufficient to render him legally answerable for the consequences of his intended conduct. His own detailed

account of the killing and of his actions over the preceding day or two establishes beyond question that he was intent upon obtaining an automobile by theft and by force of arms, if necessary. And, that is the plan which he was engaged in carrying out when he deliberately shot and killed his unfortunate benefactor.

All that has been offered in support of the contention that the learned court below erred in fixing the penalty at death is counsel's suggestion that the defendant may have been moved to commit his serious offense by some emotional disturbance or personality defect. Yet, no rational standard or criterion is advanced whereby mental impairment, short of legally exculpatory insanity, may be deemed a mitigating circumstance in one instance and not in another. As we have heretofore had occasion to remark, it does not lie within our province, as an appellate court, to attempt the imposition of "a fixed and immutable standard" upon juries and trial courts for the guidance of *their* discretion in discharging *their* statutory duty to fix the penalty as between life imprisonment and death upon a finding of first degree murder either by trial or upon a plea of guilty, as the case may be: see *Commonwealth v. Samuel Jones,* supra, at p. 534; *Commonwealth v. Hough,* supra, at pp. 251-252.

The circumstances upon which a like contention was made and rejected in *Commonwealth v. Howell,* supra, are so strikingly similar to those of the instant case that we are the more confirmed in our opinion that there is nothing in the record before us that would justly warrant our holding that the learned court below abused its discretion when it fixed death as the penalty for the appellant's admitted and indisputable guilt of murder in the first degree. See also *Commonwealth v. Pepperman,* 353 Pa. 373, 376-377, 45 A. 2d 35.

Judgment and sentence affirmed.