Commonwealth *v.* Graves, Appellant.

Argued November 10, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*John B. Brumbelow,* with him *Colbert C. McClain;* for appellant.

*Martin M. Krimsky,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District At-

torney, and *Victor H. Blanc*, District Attorney, for appellee.

OPINION BY MR. JUSTICE BELL, January 12, 1959:

This is an appeal from the judgment and sentence of the Court of Oyer and Terminer of the County of Philadelphia.

On May 5, 1958 defendant, Lester Graves, entered a plea of guilty to murder generally. After hearing evidence from both the Commonwealth and the defendant, the Court, which was composed of three able Judges, unanimously found defendant guilty of murder of the first degree and sentenced him to death.

Since the defendant does not, and could not successfully, contend that the Court below erred in determining the crime to be murder of the first degree, we shall not recite the details of this killing which was extremely brutal and horrible. It will suffice to describe it as a brutal atrocious killing\* of a four year old girl.

Defendant contends (a) that the lower Court should have sentenced him to life imprisonment instead of to death because he is mentally deficient, and (b) that the lower Court did not realize it had a discretion as to the penalty to be imposed. There is no merit in either contention.

The applicable law is stated in *Commonwealth v. Phillips*, 372 Pa. 223, 93 A. 2d 455 (page 228):

"When the Court below has determined in the exercise of its statutory discretion that the extreme penalty shall be imposed, the question on appeal is not whether this Court would have imposed a different penalty, the question, or more accurately the questions are: (1) Accepting as true all of the Commonwealth's evidence, were the ingredients necessary to constitute a murder

---

\* The defendant also raped the victim.

in the first degree present; (2) was the penalty imposed in keeping with the alternatives authorized by the statute; (3) was the discretion reposed in the Court below judicially exercised; (4) was there a manifest abuse of discretion; or (5) an error of law? Commonwealth v. Elliott, 371 Pa. 70, 89 A. 2d 782; Commonwealth v. Hawk, 328 Pa. 417, 196 A. 5; Commonwealth v. Howell, 338 Pa. 577, 13 A. 2d 521; Commonwealth v. Taranow, 359 Pa. 342, 59 A. 2d 53; Commonwealth v. Hough, 358 Pa., supra."

The fact that the lower Court did not commit a manifest abuse of discretion is clear from the following excerpt from the very able opinion of Judge WEINROTT:

"The report of Dr. John D. Torney, Psychiatrist of the Quarter Sessions Court, stated that he found no evidence of mental disease or of organic nervous disease. He did confirm the mental deficiency and very defective reasoning and judgment. It was stated categorically by Dr. Torney that the defendant was not insane in either the legal or medical sense and he found him to be competent to consult with counsel and stand trial.

"Section 701 of the Penal Code of 1939, P.L. 872, 18 P.S. Sec. 4701, provides that where the Court below, 'determines the crime to be murder of the first degree, (it) at its discretion, (can) impose sentence of death or imprisonment for life.'

"No hard and fast rule as to what proof is sufficient for the purpose of the imposition of life imprisonment rather than the death penalty can be laid down. The circumstances of each case must be considered as a whole and the determination permitted to rest in the sound discretion reposed by the Statute in the Court: Commonwealth v. Leamer, 386 Pa. 485.

"After again reviewing the entire testimony in the case we believe the facts set forth an atrocious and

sadistic type killing to which mental deficiency offers little, if. any, alleviating factor. The legislators have not sought to preclude capital punishment in proper first degree murder cases and if the death penalty is still meaningful in this Commonwealth, certainly this is a correct case for its imposition. Moreover, if deterrence is a purpose and aim to be achieved in punishment, its applicability here is forceful for we find the defendant's acts wholly unprovoked and inexcusable, and viciously carried out. We have, therefore, imposed the sentence of death.

"The cases are definitive that the Court is not required as a matter of law to reduce a sentence from death to life imprisonment merely because the defendant was unstable and either a moron or a mental defective: Commonwealth v. Elliott, 371 Pa. 70; Commonwealth v. Bibalo, 375 Pa. 257; Commonwealth v. Leamer, [386 Pa. 485]*

"It is significant in this regard that the Court composed of three Judges were unanimously of the opinion that the sentence be death.

"The Court observed the defendant at trial and carefully considered the testimony relating to defendant's mental deficiency, as well as that of his education and entire background, but firmly believed that the individual who committed this crime was depraved; that he is dangerous to society and, undoubtedly, mani-

---

* To which we add: See also *Commonwealth v. Gossard*, 383 Pa. 239, 117 A. 2d 902, in which the lower Court adjudged the defendant to be guilty of murder of the first degree and fixed the penalty at death. Defendant, 39 years of age, attempted to rape a six year old child and in the attempt smothered and unintentionally killed her. He was a sexual degenerate and had enticed hundreds of children of tender age. Nevertheless, this Court affirmed the judgment and unanimously concluded that the lower Court was not guilty of an abuse of discretion in sentencing defendant to death.

fests the mental state of a savage, depraved, cruel, ruthless and brutal person for whom there can be but one fair and just sentence. We were, therefore, constrained to impose the death penalty. By the Court: LEO WEINROTT, J., THEODORE REIMEL, J., PETER F. HAGAN, P. J."

To summarize, defendant was guilty of a brutal, terrible killing of a little four year old child. Under such facts, the law of Pennsylvania, as well as the protection of society, certainly justifies the death penalty.

Judgment and sentence affirmed.

Mr. Chief Justice JONES and Mr. Justice COHEN concur in the result.

Mr. Justice BOK dissents.