## Commonwealth *v.* Smith, Appellant.

Argued November 22, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN and ALPERN, JJ.

*Gilbert P. High,* with him *Joseph P. Phelps, Jr.,* for appellant.

*Vincent A. Cirillo,* Assistant District Attorney, with him *Harold W. Spencer,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 2, 1962:

Elmo Smith, age 39, was convicted by a jury of first degree murder. The jury after hearing in accordance

with the Act of June 24, 1939, as amended by the Act of December 1, 1959, P.L. 1621, all the evidence pro and con to show what manner of man Smith was, in order to determine the penalty, fixed the penalty at death.

This was an atrocious, brutal, inhuman rape and murder of Maryann Mitchell, a 16 year old girl. There is no need to relate the sordid, gruesome details. Defendant was described by his psychiatrist as a sexual psychopath. Defendant a few days after his arrest signed a 17 page confession and took the police along the murder route and reenacted the crime. Maryann's battered, beaten and ravished body was found, two days after she had failed to come home from the movies, in a desolate gully in Whitemarsh Township, Montgomery County, Pennsylvania.

Four psychiatrists, two for the Commonwealth and two for the defendant, all agreed that defendant was not insane at the time he committed the crime.

Defendant makes no contention that the verdict was unsupported by adequate competent evidence, and he alleges only one error of law. The evidence to support the jury's verdict of first degree murder was overwhelming. Defendant contends that this Court should reduce the verdict from death to life imprisonment (1) because the jury abused its discretion and (2) because of the trial Judge's answer to a question put to him by a juror.

This Court has repeatedly stated that the verdict of a jury cannot be changed or reduced by this Court because the legislature provided by the Act of May 14, 1925, and reiterated it in the Act of June 24, 1939, and again in the amendment of December 1, 1959, that "whoever is convicted of the crime of murder of the first degree . . . shall be sentenced to suffer death . . . or to undergo imprisonment for life, *at the discretion*

*of the jury** trying the case, *which shall,* in the manner hereinafter provided, *fix the penalty."*

Defendant was a dangerous potential murderer, with a lust for rape and with the brutal instincts and actions of a caveman. He had twice violated his parole. He was a parole violator at the time he committed this murder and had been out on parole only 4 months when he fractured Maryann's skull, raped and brutally disfigured her. At least six times prior to this murder he had broken into dwelling houses in the early hours of the morning, intending to rape a young girl, but nearly each time when she awoke and screamed he struck her with a rolling pin, a frying pan, or a heavy object and fled.

This Court has sustained a verdict of first degree murder with penalty of death where defendant allegedly had an irresistible impulse, was a moron or a mental defective or a sexual pervert or a psychopathic personality, or had been previously confined in the hospital for the criminal insane for 14 years, or was a schizophrenic psychopath or was an unstable, mentally defective moron, or was feeble-minded: *Commonwealth v. Leamer,* 386 Pa. 485, 126 A. 2d 409; *Commonwealth v. Cole,* 384 Pa. 40, 119 A. 2d 253; *Commonwealth v. Gossard,* 383 Pa. 239, 117 A. 2d 902; *Commonwealth v. Elliott,* 371 Pa. 70, 89 A. 2d 782; *Commonwealth v. Carluccetti,* 369 Pa. 190, 85 A. 2d 391; *Commonwealth v. Givens,* 363 Pa. 141, 69 A. 2d 142; *Commonwealth v. Neill,* 362 Pa. 507, 67 A. 2d 276; *Commonwealth v. Howell,* 338 Pa. 577, 13 A. 2d 521; *Commonwealth v. Hawk,* 328 Pa. 417, 196 A. 5; *Commonwealth v. Stabinsky,* 313 Pa. 231, 169 A. 439.

A defendant has usually contended—although unsuccessfully—that the presence of one or more of the above mentioned characteristics or mental defects pre-

---

* Italics throughout, ours.

vents a jury from lawfully convicting him of first degree murder. This defendant makes an unusual although not novel contention, namely—the jury's verdict was an abuse of discretion in the light of his defects and his criminal record. There is no merit in this contention: *Commonwealth v. Edwards*, 380 Pa. 52, 110 A. 2d 216; *Commonwealth v. Elliott*, 371 Pa., supra; *Commonwealth v. Wooding*, 355 Pa. 555, 50 A. 2d 328, and cases cited infra.

In *Commonwealth v. Edwards*, 380 Pa., supra, where the Court rejected a similar contention of the defendant that this Court had the power to and should reduce the jury's verdict with penalty of death to life imprisonment, the Court said: "Section 701 of The Penal Code of 1939, P.L. 872, 18 PS §4701, vests in the jury the duty of fixing the penalty between death and life imprisonment upon a conviction of first degree murder. No discretion is allowed the trial court in sentencing for first degree murder where the penalty has been fixed by the jury. Nor has this court, upon the review of a judgment of sentence for first degree murder, which was imposed in accordance with the jury's verdict, any legal warrant to reduce the penalty so fixed: Commonwealth v. Taranow, 359 Pa. 342, 344-345, 59 A. 2d 53; Commonwealth v. Neill, 362 Pa. 507, 518, 67 A. 2d 276; Commonwealth v. Zietz, 364 Pa. 294, 300, 72 A. 2d 282; and Commonwealth v. Carluccetti, 369 Pa. 190, 206, 85 A. 2d 391. For this court to assume to act otherwise would unconstitutionally trench upon the province of the Board of Pardons which functions as an agency of another coordinate branch of our State government.

"In Commonwealth v. Neill, supra, where a conviction of first degree murder with penalty of death was affirmed, . . . the court aptly concluded [its] opinion with the succinct statement that 'The jury . . . imposed the penalty of death and, since it is they in whom the statute vests discretion to fix the penalty, it is

not for this Court to review their decision.' Or, as stated elsewhere by [this Court],—'Whether the jury exercised a wise discretion in fixing the penalty at death is not a matter for this Court to determine': Commonwealth v. Simmons, 361 Pa. 391, 405, 65 A. 2d 353. The lack of power in a court to change the penalty as specified by the jury for a conviction of first degree murder has been scrupulously regarded by this court ever since the duty of fixing the penalty in capital cases was first reposed in the jury by the Act of May 14, 1925, P.L. 759. Since that date, there has not been a single instance where the penalty for a first degree murder, as fixed by the jury, has been interfered with on appeal—a fact which we have heretofore remarked several times: Commonwealth v. Taranow; Commonwealth v. Zietz; and Commonwealth v. Carluccetti, supra." See to the same effect *Commonwealth v. Elliott*, 371 Pa., supra; *Commonwealth v. Wooding*, 355 Pa., supra.

There are only three instances where this Court has ever reduced the penalty of death to life imprisonment, but in each such case the penalty was one fixed not by the jury, but by the trial Court after a plea of guilty: See *Commonwealth v. Garramone*, 307 Pa. 507, 161 A. 733; *Commonwealth v. Irelan*, 341 Pa. 43, 117 A. 2d 897; *Commonwealth v. Green*, 396 Pa. 137, 151 A. 2d 241.

Once again we reiterate that a Court has no power to reverse or reduce the verdict of a jury which has lawfully imposed the penalty of death, on the ground of abuse of discretion, or because defendant was a moron, or had an irresistible impulse, or was a sexual pervert, or was a criminally inclined psychopath, or for any similar psychotic reason.

Defendant makes one other and only one other contention, namely, "The jury abused its discretion in considering defendant's ability to obtain a parole prior to fixing the penalty at death."

The jury during its deliberations returned to the courtroom and asked the following question: "We have one member who would like to know if we could give life without parole." Judge SHEELY, who had ably charged the jury, made the following reply:

"I tried to indicate in my charge that that is not a proper matter for the consideration of the jury. You have simply the question of determining which is the appropriate sentence, life imprisonment or the death penalty. You have no concern with what happens after that. And you should base your verdict solely on what you consider to be the proper penalty under all the circumstances of the case, including the other evidence that you have heard, and then impose either life imprisonment or the death penalty.

"You cannot attach any conditions to it. But as I said before, that is not a proper matter for your consideration. The case in its entirety either warrants the death penalty or it warrants life imprisonment.

"Does that answer it?

"Juror No. 1:—I understand, sir. Thank you."

This was a proper and appropriate reply by the Court: *Commonwealth v. Johnson*, 368 Pa. 139, 81 A. 2d 569. In that case the Court, speaking through Mr. Justice (later Chief Justice) HORACE STERN, said (pages 147-148): ". . . The duty of the jury in such cases is to determine the penalty without recourse to conjecture as to any possible or probable action of the Board of Pardons at some later time. It seems to be quite common for juries in murder cases to make inquiries of this nature, and the reply of the court thereto should be, in substance, that whether the defendant might at any future time be pardoned or have his sentence commuted is no concern of theirs and should not enter in any manner whatsoever into their consideration of the proper penalty to be imposed,

which should be determined solely in the light of the relevant facts and circumstances as they then existed."

Judgment and sentence affirmed.

Mr. Justice COHEN concurs in the result.