UNITED STATES of America ex rel. Carl MELTON

v.

Edward J. HENDRICK, Superintendent, Philadelphia Prisons.

Misc. No. 2478.

United States District Court E. D. Pennsylvania.

March 8, 1963.

294

James Francis McCort, Philadelphia, Pa., for relator.

Arthur J. Marion, Asst. Dist. Atty., for defendant.

VAN DUSEN, District Judge.

The relator was tried and found guilty of murder in the first degree by a jury's verdict which fixed the penalty at death. The relator then moved for a new trial, which was granted by the court en banc. The Commonwealth appealed the granting of a new trial to the Pennsylvania Supreme Court, which held that in a criminal case the Commonwealth may appeal from an adverse ruling only where the question involved is purely one of law, that the alleged errors in the court's decision in this case were based on fact as well as law, and that, therefore, the Commonwealth had no right of appeal in this case. The appeal was dismissed. Commonwealth v. Melton, 402 Pa. 628, 168 A.2d 328 (1961). Relator then went before the trial court and, after his claim of double jeopardy was rejected, pled guilty to murder. The court en banc, after considering the crime and all its surrounding circumstances, as well as the character and history of the relator, found him guilty of murder in the first degree and imposed the death penalty. The relator appealed this judgment and sentence to the Pennsylvania Supreme Court, which rejected the argument, among others, that the relator had been subjected to double jeopardy and affirmed the trial court's judgment and sentence, holding that there was no error of law or abuse of discretion present therein. See Commonwealth v. Melton, 406 Pa. 343, 178 A.2d 728 (1962). A petition for writ of certiorari to the United States Supreme Court was denied. 371 U.S. 851, 83 S.Ct. 93, 9 L.Ed.2d 87 (1962).

This case is now before this court on a petition for writ of habeas corpus which is restricted to the contentions that rights provided for in the United States Constitution have been violated in that relator has been subjected to double jeopardy and cruel and unusual punishment.[1]

### Double Jeopardy

The provision of the Fifth Amendment to the United States Constitution which prohibits double jeopardy applies only to Federal actions[2] and, therefore, if the second conviction of Melton is to be found unconstitutional, it must be because it is violative of the due process clause of the Fourteenth Amendment.

The United States Supreme Court, when considering if state court action is contrary to the due process clause, has asked: "Is that kind of double jeopardy to which the statute has subjected him a hardship so acute and shocking that our polity will not endure it? Does it violate those 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions'?" Palko v. Connecticut, 302 U.S. 319, 328, 58 S.Ct. 149, 153, 82 L.Ed. 288 (1937).

Under the Fifth Amendment, a person can be tried a second time for an offense when his prior conviction has been set aside by his appeal. Forman v. United States, 361 U.S. 416, 425, 80 S. Ct. 481, 4 L.Ed.2d 412 (1960); United States v. Ball, 163 U.S. 662, 672, 16 S. Ct. 1192, 41 L.Ed. 300 (1896). However, relator contends that once the trial

---

1. The Pennsylvania Constitution provides in Article I, § 10: " * * * No person shall, for the same offense, be twice put in jeopardy of life or limb."

2. Bartkus v. Illinois, 359 U.S. 121, 124–127, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); Brock v. North Carolina, 344 U.S. 424, 426, 73 S.Ct. 349, 97 L.Ed. 456 (1953).

court had granted him a new trial, his status was that of "an innocent man arrested for a crime or crimes, who was awaiting trial, and who had not yet entered a plea" and that "the affect of the Commonwealth's appeal was then to place him twice in jeopardy by causing the Supreme Court to review the entire record on the merits." [3]

Relator's contention is rejected. In the first place, the State Supreme Court only examined the case in order to decide whether or not the lower court had abused its discretion in granting a new trial and decided that the Commonwealth did not have the right to appeal the matter because a mixed question of law and fact was involved. See Commonwealth v. Melton, 402 Pa. 628, 168 A.2d 328 (1961).[4]

██ Moreover, even if the Pennsylvania Supreme Court had decided the matter on the merits, one would not be justified in holding that double jeopardy was involved in the appeal. A convicted person has no vested right in the decision of the first court to which he appeals and a decision in that court may be modified or set aside without the provisions of the due process clause being offended. Forman v. United States, supra, 361 U.S. at p. 425, 80 S.Ct. at p. 486; [5] United States v. Shotwell Mfg. Co., 355 U.S. 233, 243–244, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957). See Fine v. Commonwealth, 312 Mass. 252, 44 N.E.2d 659, 145 A.L.R. 392 (1942). Nor is it the law that due process is offended per se if the state is the "moving party" in setting aside the first trial. Palko v. Connecticut, supra. See Brock v. North Carolina, 344 U.S. 424, 426, 73 S.Ct. 349, 97 L.Ed. 456 (1953).

██ Under the Pennsylvania decisions, the relator waived his protection against being prosecuted again for the same offense by his application for a new trial, since the court considers that the first jeopardy in which he was placed continues until the time of imposition of legal sentence at a subsequent trial. See Commonwealth ex rel. Patrick v. Banmiller, 398 Pa. 163, 164–165, 157 A.2d 214 (1960), and Commonwealth ex rel. Farrow v. Martin, 387 Pa. 449, 450–451, 127 A.2d 660 (1956), cert. den. 353 U.S. 986, 77 S.Ct. 1288, 1 L.Ed.2d 1144 (1957).[6] The Pennsylvania procedure, as followed in this case, does not violate that standard of permissible process of law guaranteed by the Fourteenth Amendment since it does not violate "the very essence of a scheme of ordered liberty" and because its continuance would not "violate a 'principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" Bute v. Illinois, 333 U.S. 640, 659, 68 S.Ct. 763, 773, 92 L.Ed. 986 (1948)

3. See p. "4" of relator's brief (Document 11).

4. The Pennsylvania Supreme Court stated that such an appeal can be taken only when the issue is merely one of law.

5. In Forman v. United States, supra, the court stated at p. 426, of 361 U.S., 80 S.Ct. at p. 487:
"We believe petitioner overlooks that, when he opened up the case by appealing from his conviction, he subjected himself to the power of the appellate court to direct such 'appropriate' order as it thought 'just under the circumstances.' Its original direction was subject to revision on rehearing. The original opinion was entirely interlocutory and no mandate was ever issued thereon. It never became final and was subject to further action on rehearing. * * * To hold otherwise would deprive the Government of the right to file a petition for certiorari here in criminal cases decided favorably to the defendant in the Court of Appeals, for such a petition might be attacked as a prohibited appeal by the Government on a motion for a new trial. It would be tantamount to a verdict of acquittal at the hands of the jury, not subject to review by motion for rehearing, appeal, or certiorari in this Court. We cannot subscribe to such a theory."

6. Relator attempts to rely on Commonwealth ex rel. Farrow v. Martin, supra, to support his position, but has not persuaded the court that the case should be interpreted as he suggests. See p. 5 of relator's brief (Document 11).

The relator was not subjected to double jeopardy which violated the standards of due process required under the United States Constitution nor which violated the Pennsylvania Constitution, and his release may not be granted on that ground.

### Cruel and Unusual Punishment

Relator's contentions that the cruel and unusual punishment provisions of the United States Constitution have been violated in this case are also rejected.[7]

The trial court used the following language in its opinion filed subsequent to its imposition of the death penalty:

> "While we have carefully considered the facts in the record concerning the defendant's background and the testimony that he is an intellectual defective, it was our judgment, on careful balance, that this twenty-nine year old man who participated in the brutal crime must pay the supreme penalty, and that this case was an appropriate one for the death penalty, if any is.
>
> \*   \*   \*   \*   \*   \*
>
> "This court is of the unanimous opinion that the sentence imposed in this case was a proper one, necessary to protect the interests of society."

Opinion of McClanaghan, J., dated August 28, 1961, Commonwealth v. Carl Melton, Court of Oyer & Terminer and Quarter Sessions of the Peace, Philadelphia County, December Sessions 1958, No. 921. See Document No. 10.

█ The sentence of death is not, per se, a cruel and unusual punishment violative of the Eighth or Fourteenth Amendments to the United States Constitution. State of La. ex rel. Francis v. Resweber, 329 U.S. 459, 463–464, 67 S.Ct. 374, 91 L.Ed. 422 (1947); Weems v. United States, 217 U.S. 349, 369–371, 30 S.Ct. 544, 54 L.Ed. 793 (1910); In re Kemmler, 136 U.S. 436, 447, 10 S.Ct. 930, 34 L.Ed. 519 (1890); Wilkerson v. Utah, 99 U.S. 130, 134–135, 25 L.Ed. 345 (1878).

█ The Pennsylvania Supreme Court reviewed all the evidence in the case and decided that the lower court was justified in finding that this defendant committed murder in the first degree and that the lower court did not abuse its discretion in imposing the death penalty.[8] It is not the function of this court to substitute its personal views for that of the state court, but only to decide if a Federal constitutional provision has been violated.[9] No such violation is found here. It is clear from the opinion of March 13, 1962 (406 Pa. 343, 178 A.2d 728), that the appellate court reviewed thoroughly all the evidence in the case before making its decision. It is noted that in this case the attorney for the relator expressly stated that he was not attempting to prove that his client was insane, but that he was only presenting the evidence as to his client's mental

---

7. This point is being ruled on even though there is doubt as to whether relator has exhausted his state remedies on this issue, since further delay in order to enable relator to raise this point in a petition for a writ of habeas corpus in the State court is undesirable where such an important case is properly before this court on the foregoing contention of relator. Cruel and unusual punishment is prohibited by the due process clause of the Fourteenth Amendment, even though this phrase in the Eighth Amendment is inapplicable to state action.

8. The questions on appeal in a case such as this under the applicable Pennsylvania law are set forth in Commonwealth v. Graves, 394 Pa. 429, 430–431, 147 A.2d 416 (1959), in which Commonwealth v. Phillips, 372 Pa. 223, 228, 93 A.2d 455 (1953), is quoted with approval. See, also, Commonwealth v. Green, 396 Pa. 137, 151 A.2d 241 (1959), which indicates what testimony must be inquired into and considered by a sentencing court. The sentencing court in this case fulfilled the duty imposed on it by the Green case and, therefore, the relator's reliance on Green is misplaced.

9. See Russell v. United States, 288 F.2d 520, 524–525 (9th Cir. 1961); Young v. United States, 286 F.2d 13, 16 (9th Cir. 1960). See, also, Commonwealth v. Phillips, supra, and Commonwealth v. Green, supra, 396 Pa. at p. 145, 151 A.2d at p. 245.

state in mitigation of punishment.[10] In Commonwealth v. Elliott, 371 Pa. 70, at p. 75, 89 A.2d 782, at p. 785 (1952), the Supreme Court of Pennsylvania has stated:

"Mental deficiency is a fact which always should be and in this case was taken into consideration in determining and fixing the penalty or sentence. However, no case in Pennsylvania has ever decided that a trial Judge or a Supreme Court *must, as a matter of law,* reduce a sentence from death to life imprisonment because the defendant is an unstable, weak moron or a mental defective."

See, also, Commonwealth v. Smith, 405 Pa. 456, 459–460, 176 A.2d 619 (1962); Commonwealth ex rel. Simon v. Maroney, 405 Pa. 562, 567, 176 A.2d 94 (1961); Commonwealth v. Graves, supra.

The punishment imposed in this case is not out of all proportion to the offense disclosed by the record [11] [participation in a robbery during which there were brutal and inhumane beatings of a man (by the defendant and a co-defendant) and his wife (by the co-defendant), resulting in the death of the wife]. Cf. Robinson v. California, 370 U.S. 660, 675–676, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962); Weems v. United States, supra, 217 U.S. at pp. 368 and 371, 30 S.Ct. at pp. 549 and 551. This punishment is not beyond the "extent" and "mode permitted by the common law for offenses of a similar nature." See quotation from Cooley's "Constitutional Limitations" in Weems v. United States, supra, 217 U.S. at p. 375, 30 S.Ct. at 552.[12]

The petition for writ of habeas corpus must be denied.[13]

10. See p. 146 of Record of proceedings before the Court of Quarter Sessions, December Sessions 1958, No. 921, on May 31, 1961. The rule for the United States Court of Appeals for the Third Circuit, prescribing what instructions must be given to a jury which is to consider whether a defendant being tried in a Federal Court in this Circuit has the capacity to commit the crime for which he is being tried [see United States v. Currens, 290 F.2d 751 (3rd Cir. 1961)], is not applicable. See Leland v. Oregon, 343 U.S. 790, 800–801, 72 S.Ct. 1002, 96 L. Ed. 1302 (1952), which holds that the due process clause does not require a state to adopt a test other than the "right and wrong" test of the M'Naghton case. The M'Naghton Rule is followed and applied in the Pennsylvania state courts. Commonwealth of Pennsylvania v. Tyrrell, 405 Pa. 210, 220–221, 174 A.2d 852 (1961).

11. See pp. 18–126 of record of proceedings before the Court of Quarter Sessions, December Sessions 1958, No. 921, on May 29, 1961, and summary of the record at 406 Pa. 352–355, 178 A.2d 733–735. The transcript of the proceedings before the Court of Quarter Sessions on May 29 and 31, 1961, which is

also referred to at footnote 10 above, was loaned to the court by respondent's attorney (Assistant District Attorney of Philadelphia County) with the understanding that it had to be returned to him as promptly as possible for forwarding to the Governor of the Commonwealth of Pennsylvania. If counsel for relator decides to appeal from the ruling of this court, he should supplement the record by adding this transcript.

12. The supplemental brief of the Commonwealth (Document 13) sets forth at length the pertinent testimony received in the lower court and carefully analyzes same. It would be unduly repetitious to repeat such analysis in this opinion.

13. Although a petition for writ of habeas corpus has been filed in the state courts (Phila.C.P. 7, Sept. Term 1962, No. 4528), this petition was dismissed on December 14, 1962, and no appeal has been taken or is contemplated, since relator contends that the issues submitted in this proceeding were all presented to the state appellate court (see opinion at 406 Pa. 343, 178 A.2d 728) and in the petition for a writ of certiorari, which is referred to on page 294 above.