416 A.2d 455

**COMMONWEALTH of Pennsylvania**

v.

**Linda Jo EDRINGTON, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 19, 1980.

Decided July 3, 1980.

Marilyn C. Zilli, Asst. Public Defender, for appellant.

Marion E. MacIntyre, First Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Linda Jo Edrington entered a guilty plea to the charge of murder and was found guilty of murder of the third degree. At a later hearing judgment of sentence of not less than six nor more than fifteen years imprisonment was imposed. Appellant timely moved to withdraw her guilty plea alleging it was involuntary and, alternatively, to modify the sentence on the ground that it is excessive. The motions were denied and this appeal follows. The only claim now pressed is that the judgment of sentence is excessive. We disagree and hence affirm.

The July 1978 killing giving rise to this prosecution was the culmination of an extended argument between appellant and the victim. The argument had begun two days earlier and concerned some clothing that appellant was making for the victim.[1] During these two days appellant heard from friends that the victim was still angry with appellant and was making threats. On the day of the killing appellant and the victim happened to meet in a laundromat where their argument continued. According to appellant's subsequent statement to the police, she was nervous and scared and tried to conciliate the victim by offering to make some new clothes. Appellant told the victim to stop by her apartment later that afternoon.

[1.] As appellant's brief explains: "Appellant was a converting transsexual. The victim was homosexual. Both dressed in female attire. Appellant is also known as Lennie Joe Edrington. The victim was also known as Cynthia." Brief for Appellant at 3 n.1. The record establishes that appellant frequently made clothing for her friends.

In the meanwhile appellant left the laundromat, obtained a gun from her apartment and returned to the laundromat for her clothing. Appellant then went home again. Later that afternoon appellant shot the victim as the latter entered appellant's apartment. As appellant later recounted it:

"I sat at home waiting, wondering if to shoot [the victim] was the right thing to do. Then I thought if I don't, she'll keep picking with me and refuse to leave me alone. About 4:40, [the victim] walked in the door and I shot her." [2]

Appellant apparently made immediate efforts to call an ambulance and to contact the police. When the police arrived appellant admitted to the incident at the outset and was fully cooperative. The victim was shot only once, in the right shoulder, and was promptly taken to the local hospital. Nevertheless, shock and hemorrhaging from the wound caused death that night.

Before trial appellant sought to suppress a written statement obtained from her late that night by the police. But when the statement was ruled admissible, appellant entered into a plea agreement with the Commonwealth.[3] In return for appellant's plea of guilty to murder generally the Commonwealth agreed not to certify the case as one of murder of the first degree. No agreement as to recommended length of sentence was reached.

At the guilty plea colloquy and degree of guilt hearing the Commonwealth presented police testimony relating appellant's inculpatory statement concerning the argument and describing the shooting which resulted. As already indicated the court found appellant guilty of murder of the third degree.

**2.** N.T. Guilty Plea at 55.

**3.** Appellant moved to have the statement suppressed on the ground that it was obtained before appellant was arraigned and that arraignment was more than six hours after arrest. See *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). Because of appellant's guilty plea, the trial judge's decision refusing to suppress the statement is not before us.

At the same hearing the defense offered witnesses on appellant's behalf and asked the court to consider the evidence in mitigation of sentence. The court agreed and heard testimony from seven witnesses. Several of those called knew both appellant and the victim and were members of the community in which they lived. These witnesses described the victim as an aggressive person who was physically stronger than appellant. They testified that the victim often carried a knife, was sometimes seen with a gun and had some training in the martial arts. Other witnesses included appellant's former supervisor when appellant worked as a receptionist in the Office of Correctional Education in Harrisburg and members of the Pennsylvania Youth Advocate Program. These witnesses were familiar with appellant and the victim and agreed that appellant had generally been treated harshly by her friends. One witness was certain that appellant had been intimidated by the victim.

The court postponed sentencing and ordered a pre-sentence report. See Pa.R.Crim.Pro. 1403. Approximately one month later a sentencing hearing was held before the same judge. At the hearing defense counsel summarized the prior testimony and discussed the pre-sentence report with the court. The Commonwealth did not take any position on sentencing. The court then imposed the prison term of six to fifteen years which is now urged to be excessive.

 Our review of challenges to sentencing for murder of the third degree follows precisely those general guidelines we have developed in recent cases and which the Legislature has prescribed in the Sentencing Code (18 Pa. C.S. § 1301 et seq.). *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978). Thus, as our cases and as the Code make clear, proper sentencing is a matter vested in the sound discretion of the trial court, whose determination must not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Lee*, 450 Pa. 152, 299 A.2d 640 (1973). Nevertheless, in exercising its discretion the sentencing court must

not overlook pertinent facts, disregard the force of evidence or commit an error of law. Nor may it impose a sentence exceeding that prescribed by statute. In addition, the trial court must examine the circumstances of the crime and the individual background of the defendant. For the sentence imposed must be the minimum punishment consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *Commonwealth v. Knight,* supra 479 Pa. at 213, 387 A.2d at 1299; see 18 Pa. C.S. § 1321(b); ABA Project on Minimum Standards of Justice, Standards Relating to Sentencing Alternatives and Procedures § 2.2 (Approved Draft, 1968).

■ Our review of the record convinces us that the sentencing court did not abuse its discretion in this case. The sentence imposed is within the sentencing limits prescribed by the Crimes Code.[4] And the record clearly establishes that substantial evidence of appellant's background and character was presented to the sentencing judge, who considered this evidence and imposed a sentence consistent with all of the circumstances of the offense.

As already indicated, appellant was permitted to present the testimony of seven witnesses for the express purpose of providing evidence concerning appropriate sentencing. And at the sentencing hearing defense counsel reviewed all of this testimony fully and in detail.

In addition the record establishes that the sentencing judge had read the pre-sentence report which had been prepared. This report apparently indicated that appellant had a prior criminal record and felt no remorse over the incident. At the sentencing hearing however, defense counsel was permitted to explain that the prior record was not serious and to contradict the view of that appellant was not remorseful. Defense counsel specifically recalled to the court's attention that appellant had immediately sought the

4. Murder of the third degree is a felony of the first degree. 18 Pa.C.S. § 2502(c). Thus the maximum penalty is a fine of $25,000, 18 Pa.C.S. § 1101(1), and imprisonment for not more than twenty years, 18 Pa.C.S. § 1103(1). No fine was imposed in this case.

police and an ambulance. Indeed, at the conclusion of defense counsel's remarks the sentencing judge was moved to commend defense counsel for the quality of her presentation. There is no question that at the time the judge imposed sentence he had before him an unusually full and fair picture of appellant's personal history and of the individual circumstances of appellant's offense.

Moreover, at the time he imposed sentence the judge stated his reasons for the sentence on the record. Pa.R. Crim.Pro. 1405(b); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion). The judge noted that there were indeed some circumstances in appellant's favor, but also noted that the evidence clearly demonstrated appellant's need for the correctional treatment provided by total institutional confinement. The judge acknowledged that appellant's prior criminal record was not very serious, yet concluded that it still must be considered in sentencing. Finally, the court noted that the offense did have a distinct element of premeditation. Thus, sufficient reasons in support of the present sentence are set forth so as to assure us that the sentencing procedure was individualized and fair. It is obvious that the court's sentence reflects a reasoned judgment based on the particular circumstances of the offense.

Finally, appellant places substantial emphasis on the evidence demonstrating the aggressive character of the victim and indicating that appellant had been intimidated or harassed by the victim and by others in her social group. There is, without question, substantial evidence that the shooting was committed out of fear or frustration. Yet our previous cases have upheld far more severe sentences despite equal or even greater evidence of an emotional killing. In *Commonwealth v. Knight*, supra, for example, the defendant had shot and killed her former. husband as a result of a turbulent dispute over child custody. Following her guilty plea the defendant was convicted of murder of the third degree and sentenced to eight to twenty years imprisonment. This Court rejected the claim that such a sentence is

excessive. See *Commonwealth v. Taranow*, 359 Pa. 342, 59 A.2d 53 (1948) (killing the result of "emotional disturbance"); *Commonwealth v. Jones*, 355 Pa. 522, 50 A.2d 317 (1947) (killing the result of "strong passion"). The evidence appellant now urges us to consider was presented to the sentencing judge, who clearly relied on it in arriving at the present sentence. Indeed, appellant's sentence is well below that imposed in *Knight,* and well below the statutory maximums, see note 3, supra. Nothing in this record convinces us that the sentencing judge has abused his discretion.

Judgment of sentence affirmed.