Commonwealth *v.* Kelly, Appellant.

172

Argued November 28, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Louis Marcus,* with him *Charles J. Roney,* for appellant.

*Vincent A. Carroll,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY MR. JUSTICE MAXEY, January 2, 1940:

Defendant, William Kelly, appeals from the judgment of guilty and sentence of death imposed upon him by the Court of Oyer and Terminer of Philadelphia County, after his conviction of murder of the first degree with capital punishment, upon an indictment charging him with the murder of Police Officer Henry Berry.

This is the second time this case has been before us. In the opinion filed in disposing of the former appeal,

333 Pa. 280, 4 A. 2d 805, the facts are detailed and need not again be reviewed. That appeal was successful because of the errors of the trial judge (1) in instructing the jury that "no accidental killing can possibly follow the perpetration of, or attempt to perpetrate a robbery, or the acts connected with it," and (2) in deciding that the attempted perpetration of the robbery "was not concluded" when the homicide was committed. We held that the decision of this basic fact was "for the jury under proper instructions."

At the second trial these errors were not repeated though two errors *against the Commonwealth* were committed. One was when the trial judge instructed the jury: "If this was an accident, of course, he [the defendant] must be acquitted." On pages 286 and 287 of our opinion on the former appeal we clearly laid down the rule which trial judges should follow in instructing juries in cases of this character where the defense of "accidental killing" is set up. Failure to instruct juries in accordance with the rule thus laid down may mislead jurors and so result in improper acquittals. The second error committed against the Commonwealth was in this instruction: "If it [the homicide] was not a deliberate, premeditated killing, if it was only an intention to inflict serious bodily harm, but death did result, that is second degree murder." This instruction is contrary to the Act of March 31, 1860, P. L. 382, sec. 74, as amended by the Act of May 22, 1923, P. L. 306, which provides that "all murder which shall be perpetrated by means of poison, or by lying in wait or by any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration of or attempting to perpetrate any arson, rape, robbery, burglary or kidnapping, shall be deemed murder of the first degree." This court has in numerous decisions, including the first decision in this case, quoted this statute and discussed its application. Since the Commonwealth has no right of appeal from such errors, they are referred to in this

opinion so that they will not in the trial of similar homicide cases be repeated.

Appellant stresses as alleged error the trial judge's refusal to instruct the jury as follows: "Arrest, as a matter of law, terminates a prior felony. If, therefore, you find that the defendant had actually been taken into custody or had submitted to arrest, then the continuity of the prior robbery was broken, and this was not a killing committed in the perpetration of or attempted perpetration of a robbery."

The vice in the instruction asked for is that the jury might be misled by the word "arrest" and the phrases "taken into custody" and "submitted to arrest." If the defendant had been in actual legal restraint, i.e., in *safe* custody after committing one crime and before committing the second one, there would be merit in defendant's request. But under the facts of this case the point had only academic interest and was therefore properly refused. The so-called "arrest" as related by an eyewitness is that the officer shouted "stop" to Kelly and he did so. The officer then took one gun from him, "marched" him to a truck and started to open the truck door when Kelly pulled a second gun wrapped in a handkerchief from his pocket and fatally shot the officer. Therefore, the defendant, instead of being in effective custody and "submitting to arrest," was still attempting to escape from the scene of his initial crime.

The jury was justified in finding that Kelly's shooting of the officer in order to effectuate his flight from the scene of his attempted robbery was so identified with that initial crime as to make the homicide one committed in the attempted perpetration of the felony of robbery. In *Com. v. Lawrence,* 282 Pa. 128, 127 A. 465, this court said: "Though the forceable stealing technically may be complete, if the homicide is committed while the actor is engaged in one of the elements incident to the crime, as, for illustration, an escape or flight, the killing is referable to the robbery."

Appellant contends that "flight of itself terminates an attempted robbery, as distinguished from a completed robbery." In *Commonwealth v. Doris*, 287 Pa. 547, 551, 135 A. 313, this court said: "Whether the act of departing is a continuous part of the attempted or accomplished crime is for the jury." When the charge is murder in the perpetration or attempted perpetration of any of the enumerated felonies, the question first resolves itself into this: Was there a break in the chain of events between the initial crime and the homicide? That question the *jury* must decide. If it finds no such "break," the condition of the statute is fulfilled and a verdict of murder of the first degree is warranted. There may be cases where the break in the chain is so obvious that there can be no question about it for submission to the jury, but the instant case is not one of them.

It is a legitimate assumption that one who plans a robbery or burglary and by an overt act attempts to carry it out has also planned to escape from the scene of his crime. He must intend to make his felonious venture successful and it cannot be successful until he has made his escape. Even though, as here, the felon was frightened away before obtaining any plunder, his escape remains as a part of his felonious design. His commission or attempted commission of the felony and his flight are but integrated parts of a single campaign in his war against society. The same malice that motivated his commission or attempted commission of the felony attended him in his flight. That *flight* does not mean *"change of heart,"* i.e., an abandonment of his malicious attitude toward society, is evidenced by the numerous homicides felons commit in attempting to "get away." There is unity of criminal action between the planning of a crime, its execution or attempted execution and the flight from the scene. There may be between the commission of a robbery and the later commission by the same felon, of a homicide, such *dis*unity

in time, place and purpose as to make the two felonies distinct, but we have no such situation here.

Furthermore, as we said in our former opinion, "Even if the jury should find that though there had been an attempt to rob Perlstein, it had been completely abandoned at the time of the shooting, a verdict of guilty of murder of the first degree would nevertheless be warranted if the jury found that the defendant killed the officer wilfully, deliberately and with premeditation." In this case the evidence would amply support such a finding.

The other questions raised in this appeal relate to the charge of the court. We find in the charge no error of which the appellant has cause to complain.

The judgment is affirmed; the record is remitted to the court below so that sentence may be executed.