372 A.2d 821

**COMMONWEALTH of Pennsylvania**

v.

**Joan D. FORD, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 10, 1977.

Decided April 28, 1977.

Donald C. Marino, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant was indicted for murder and for assault and battery. The Commonwealth certified that the charge rose no higher than murder of the third degree and trial was held on July 11, 1975. Appellant waived her right to a jury trial, and was found guilty of murder of the third degree and of assault and battery. Post-trial motions were denied, and a sentence of two to twenty years imprisonment was imposed on the murder charge. Appellant appeals her conviction of murder of the third degree.*

Appellant raises two claims relating to the sufficiency of the evidence to support her conviction: (1) that the evidence establishes that the homicide was voluntary manslaughter, and (2) that the evidence establishes that the killing was in self-defense.

In reviewing the sufficiency of the evidence, this Court must read the evidence in the light most favorable to the Commonwealth. E. g. *Commonwealth v. Thomas,* 465 Pa. 442, 350 A.2d 847 (1976). The test of sufficiency is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the fact-finder could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged. E. g., id.

* We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P. S. § 211.202(1) (Supp.1976).

A review of the record reveals the evidence presented at trial, viewed in the light most favorable to the Commonwealth, is sufficient to prove beyond a reasonable doubt that the killing constituted murder of the third degree.

■ Appellant also asserts that the trial court improperly placed the burden of proof on her to establish that the killing was in self-defense. Relying on *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974), petitioner asserts that the Commonwealth is required to prove, beyond a reasonable doubt, that the killing was not in self-defense. See *State v. Hankerson*, 288 N.C. 632, 220 S.E.2d 575 (1975), cert. granted, 429 U.S. 815, 97 S.Ct. 56, 50 L.Ed.2d 75 (1976). However, appellant's post-trial motions, filed after *Mullaney* and *Rose*, raised only the sufficiency of the evidence. Therefore, appellant's claim has been waived. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975).

■ Finally, appellant claims that, on cross-examination of a character witness called by the defense, the Commonwealth improperly brought out appellant's prior conviction. No objection was interposed at trial and the issue was not raised in post-trial motions. Therefore, this issue is not preserved for appellate review. *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972).

Judgment of sentence affirmed.

JONES, former C. J., did not participate in the decision of this case.