393 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**Larry HORSEY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 10, 1977.

Decided Oct. 5, 1978.

Barbara R. Muehleib, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gaele Barthold, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

POMEROY, Justice.

Appellant Larry Horsey pleaded guilty in July, 1969, to an indictment charging him with the murder of one John Boykin in Philadelphia on March 23, 1967. A three-judge court found that the crime was murder in the first degree [1] and sentenced Horsey to life imprisonment.

1. The crime charged occurred prior to the effective date of the Crimes Code, Act of December 6, 1972, No. 334, *as amended,* 18 Pa.C.S. § 101 *et seq.* (1973), and was therefore governed by the Penal Code, Act of June 24, 1939, 18 P.S. § 4701 (1963). That statute defined first degree murder as follows:

   "All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempting to perpetrate any arson, rape, robbery,

In May, 1975, by means of a proceeding under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §§ 1180–1 *et seq.* (Supp.1978), appellant obtained leave to file and subsequently did file post-trial motions *nunc pro tunc,* arguing that the finding of first degree murder was unsupported by the evidence or contrary to law. The court below denied relief, and appellant brought this appeal.[2]

Appellant in this Court renews his contention that the evidence was insufficient. We do not agree. The careful opinion of the trial judge in support of denial of the post-trial motions analyzes the evidence at the degree of guilt hearing and concludes that it would support the following findings of fact: (1) Horsey and one Lionel Johnson agreed to commit a robbery and attempted to commit a robbery by holding up the oil delivery truck of the victim, John Boykin; (2) Boykin resisted the robbery attempt and chased the assailants while armed with a wrench; (3) Horsey did not leave the site of the truck "but merely ran around deceased's truck"; and (4) Horsey shot Boykin to death at close range with the sawed-off shotgun in an attempt to escape the scene of the attempted robbery. We have reviewed the record in accordance with our long-established test, viewing the evidence and the inferences that may be reasonably drawn therefrom in the light most favorable to the Commonwealth and leaving questions of credibility to the finder of fact. See, *e. g., Commonwealth v. Hubbard,* 472 Pa. 259, 266, 372 A.2d 687 (1977); *Commonwealth v. Rose,* 463 Pa. 264, 267–68, 344 A.2d 824 (1975). So viewed, the evidence is clearly sufficient to support the findings of the court below and the conclusion that appellant was guilty of murder in the attempted perpetration of a robbery, conduct which constituted murder in the first de-

burglary, or kidnapping, shall be murder in the first degree. All other kinds of murder shall be murder in the second degree."

**2.** We have jurisdiction over this appeal pursuant to Section 202(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, 17 P.S. § 211.202(1) (Supp.1978).

gree under the then applicable statute.[3]   We cannot accept the contention of appellant that the felony murder doctrine cannot, as a matter of law, be applied when a killing occurs during escape or flight from the scene of a felony or attempted felony.  See, *e. g., Commonwealth v. Kichline,* 468 Pa. 265, 272–73, 361 A.2d 282 (1976); *Commonwealth v. Alston,* 458 Pa. 412, 417–18, 317 A.2d 229 (1974); *Commonwealth v. Carey,* 368 Pa. 157, 82 A.2d 240 (1951); *Commonwealth v. Darcy,* 362 Pa. 259, 66 A.2d 663 (1949); *Commonwealth v. Hough,* 358 Pa. 247, 56 A.2d 84 (1948); *Commonwealth v. Kelly,* 337 Pa. 171, 10 A.2d 431 (1940); *Commonwealth v. Kelly,* 333 Pa. 280, 4 A.2d 805 (1939); *Commonwealth v. Tauza,* 300 Pa. 375, 150 A. 649 (1930).

■   Appellant also contends that he is entitled to the benefit of this Court's decisions in *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974), and *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975),[4] in assessing whether the court below could properly have found, in light of evidence of intoxication,[5] that appellant possessed a specific intent either to kill or to rob his victim.[6]   We find this

**3.**  *See* note 1 *supra.*  We need not decide whether, as found by the court below, the evidence also established a willful, deliberate and premeditated murder.

**4.**  *Rose* and *Graves* were decided some five years after the degree of guilt hearing in this case.

**5.**  A Commonwealth witness, Elizabeth Sligh, testified that appellant told her that he had been drinking with friends before the criminal episode here involved, and that Horsey had attributed his inability to escape to his intoxicated condition.

**6.**  *Rose* was primarily concerned with the burden of proof (and the correct instruction to the jury concerning it) in a case where intoxication might have prevented a formation of the necessary intent to kill to warrant a verdict of murder in the first degree; *Graves* held that evidence of intoxication was relevant and not excludable in cases other than felonious homicide where specific intent was an element of the crime, as it is in robbery.  (An amendment to the Crimes Code enacted since our decision in *Graves* has effectively overruled it.  Act of April 7, 1976, P.L. 72, No. 32, § 1, 18 Pa.C.S. § 308 (Supp.1978).)  It might be noted that in the case before us no evidence was excluded nor was any question of burden of proof raised with regard to intoxication during the degree of guilt hearing.

argument to have been waived. Appellant obtained leave to file post-trial motions *nunc pro tunc* in May, 1975, after the decisions in *Rose* and *Graves.* He did not, however, assert the applicability of *Rose* and *Graves* either in his post-trial motions or in his brief in support thereof, which was filed in July, 1975. The argument not having been raised below, it is not available on this appeal. *Commonwealth v. Ford,* 472 Pa. 542, 545, 372 A.2d 821 (1977). See also, *e. g., Commonwealth v. Daniels,* 480 Pa. 340, 345, 390 A.2d 172, 174 (1978); *Commonwealth v. Santiago,* 476 Pa. 340, 382 A.2d 1200 (1978); *Commonwealth v. Carr,* 471 Pa. 86, 369 A.2d 1207 (1977).

Judgment of sentence affirmed.

LARSON, J., concurs in the result.