No. 51,705

STATE OF KANSAS, *Appellee,* v. WILLIAM R. HEARRON, *Appellant.*

(619 P.2d 1157)

Opinion filed December 6, 1980.

*Michael Lerner,* of Barnett and Lerner, Chartered, of Kansas City, argued the cause and was on the brief for the appellant.

*Philip L. Sieve,* chief deputy district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action involving convictions of one count of felony murder (K.S.A. 21-3401), one count of conspiracy to commit burglary (K.S.A. 21-3302 and 21-3715), two counts of felony theft (K.S.A. 1979 Supp. 21-3701), two counts of burglary (K.S.A. 21-3715), and one count of attempted burglary (K.S.A. 21-3301 and 21-3715). The defendant, William R. Hearron, appeals only from the conviction of felony murder and does not challenge the other convictions.

The facts in the case are undisputed and are essentially as follows: On the evening of January 22, 1979, Ann Terry, who resided on North 70th Street in Kansas City, Kansas, was looking out a window of her home and saw three black youths walk up the driveway. She saw and heard them try to open the garage doors. She advised her husband, Delmer Terry, who immediately turned on an outside light over the garage. The three youths then fled. After notifying the police, the Terrys decided to look for the youths. They got into their automobile and followed a white van which was driving slowly in front of their house. After two or three blocks, the van turned left. The Terrys turned right, spotting

the youths who had attempted to break into their garage. Delmer Terry stopped the car, got out, and accused them of attempting to break into his house. The boys pulled firearms. Three shots were fired, wounding Terry. Terry fell back into the car and collapsed. A nearby resident came to the scene and then called an ambulance and the police. While Mrs. Terry remained with her husband, the white van again appeared. The van stopped across from the Terry vehicle. Ann Terry was able to see defendant, William Hearron, looking at their car, before slowly driving on. Defendant was the driver and sole occupant of the van. The whole episode lasted approximately five minutes. Delmer Terry later died from his wounds.

On February 1, 1979, Kansas City police officers obtained a search warrant and searched defendant's house. The police found two black youths hiding in the attic. One of the boys, James Scaife, was identified as the person who shot and killed Mr. Terry. The police also found goods stolen in other January 22, 1979, burglaries. Scaife and defendant were tried together. Scaife was convicted of felony murder. Defendant was also convicted of felony murder as an aider and abettor.

On appeal, the defendant challenges the sufficiency of the evidence to establish felony murder. The defendant maintains, in substance, that the attempted burglary had been completed at the time the shooting occurred and, hence, the felony-murder rule should not be applied. We have concluded from the undisputed factual circumstances that this point is without merit. The decedent's widow, Ann Terry, saw the black youths walk on the driveway to the Terry's garage where they yanked on the garage doors in an attempt to open them. Delmer Terry turned on the garage lights, and the boys immediately fled from the scene. The Terrys immediately followed them in the family car and encountered them on the street approximately two or three blocks from the Terry home within a matter of minutes. Terry approached the boys and stated to them that he had just seen them at his home trying to break in. At that time, the fatal shots were fired. This evidence was sufficient to establish a killing during the commission of a felony, attempted burglary.

K.S.A. 21-3401 includes as murder the killing of a human being "committed in the perpetration or attempt to perpetrate any felony." Although that statute does not specifically include,

within the felony-murder rule, the killing of another during flight from the scene of the crime, it is the established law of this state that flight from the scene of the crime may be considered as a part of the res gestae of the crime and a killing during flight may constitute felony murder. In *State v. Boone,* 124 Kan. 208, 257 Pac. 739 (1927), the defendant was a member of a conspiracy to burglarize a railroad station. The defendant positioned herself in the getaway vehicle several blocks away, while two of her cohorts proceeded to the railroad station to commit the crime. Her two associates attempted to break into the station but were discovered and had to flee the scene with the police in close pursuit. The defendant's associates and the police exchanged gunfire, during which one police officer was killed. The defendant, Boone, was convicted of first-degree felony murder. She appealed, contending that the burglary had been abandoned prior to the killing, so that an instruction to the jury on felony murder was improper. The court upheld the conviction, holding that the evidence was sufficient to support the conviction of felony murder. The court pointed out that the evidence was clear that the defendant's associates had been previously armed and that the killing occurred in their attempt to avoid arrest and to escape from the scene of the crime.

Other jurisdictions, likewise, hold flight from the scene of the crime to be a part of the res gestae and that a killing during the escape or flight may justify application of the felony-murder rule. See generally the cases cited at 40 Am. Jur. 2d, Homicide § 73, at p. 367, and the annotation at 58 A.L.R. 3d 851. Some jurisdictions hold the killing to be within the res gestae of the underlying felony if committed during escape or attempt to escape and the accused has not yet reached a point of temporary safety. *State v. Squire,* 292 N.C. 494, 512, 234 S.E.2d 563 (1977); *People v. Salas,* 7 Cal. 3d 812, 820-23, 103 Cal. Rptr. 431, 500 P.2d 7 (1972), *cert. denied* 410 U.S. 939 (1973). Other jurisdictions hold a killing to be within the felony-murder rule if the killing and felony are so "inextricably woven" that they may be considered as "one continuous transaction" or so connected that there is no break in the chain of events. *State v. Harley,* 543 S.W.2d 288 (Mo. App. 1976); *Commonwealth v. Alston, Appellant,* 458 Pa. 412, 317 A.2d 229 (1974); *Commonwealth v. Kelly, Appellant,* 337 Pa. 171, 174, 10 A.2d 431 (1940).

Time, distance, and the causal relationship between the underlying felony and the killing are factors to be considered in determining whether the killing is a part of the felony and, therefore, subject to the felony-murder rule. Whether the underlying felony had been abandoned or completed prior to the killing so as to remove it from the ambit of the felony-murder rule is ordinarily a question of fact for the jury to decide. When we apply the factors of time, distance, and causal relationship to the facts of this case, we have no hesitancy in holding that it was a factual issue for the jury to determine whether the killing of Delmer Terry occurred during the commission of the attempted burglary.

The second point raised by the defendant is that the trial court's instructions were erroneous because they, in effect, directed a verdict against the defendant by taking from the jury the fact question whether the black youths were attempting to flee the scene at the time the killing occurred. We have examined the instructions given and find the objections asserted by the defendant cannot be sustained. Instruction No. 5 set forth the essential elements of the crime of murder in the first degree and required the State to prove that the killing of Delmer Terry "was done while in the commission of the crime of attempted burglary." Instruction No. 6 informed the jury that "a participant in the commission of a crime is still considered to be in the commission of such crime during the period of time immediately thereafter while he is fleeing the scene seeking to escape pursuit and apprehension." Defendant's counsel does not deny Instruction No. 6 is a correct statement of the law. Instruction No. 8 specifically declared that, in order to convict the defendant Hearron of felony murder, the burden of proof was upon the State to prove that Hearron intentionally aided, counseled, or assisted in some manner in the commission of the crime and that the shooting and killing of someone in the commission of such crime was reasonably foreseeable. Instruction No. 9(a) instructed the jury that, if the jury should find Delmer Terry was not shot while the defendant James Scaife was still in the commission of the crime of attempted burglary, it should return a verdict of not guilty as to the defendant Hearron on the felony-murder count. Considering all of the instructions together, we have concluded that they fairly stated the law applicable in the case. We note that

defense counsel did not object to the wording used in the instructions or suggest to the court how they might be clarified. Since the instructions were not clearly erroneous, the defendant's claim of error cannot be sustained. See K.S.A. 22-3414(3).

The judgment of the district court is affirmed.