## Commonwealth v. Bare

*James J. Karl, assistant district attorney,* for the commonwealth.

*Vincent J. Quinn,* for defendant.

FARINA, *J.*, April 20, 1988 — Before the court are defendant Roy James Bare's post-verdict motions in arrest of judgment and for a new trial filed following his conviction at a jury trial of misdemeanor criminal mischief, harassment by communication, terroristic threats and a summary criminal mischief. Defendant was found not guilty of an additional terroristic threats count.

Defendant filed boilerplate motions as to all counts of which he was convicted but has briefed only his motion to arrest judgment on the conviction for harassment by communication. All other post-verdict motions are deemed waived. *Commonwealth v. Holmes,* 315 Pa. Super. 256, 461 A.2d 1268 (1983). Defendant contends the evidence was insufficient to sustain the charge of harassment by communication because his telephone calls to the victim were not anonymous and were made with the intent of legitimate communication.

In count III of the information the commonwealth alleged that defendant was guilty of harassment by communication or address in violation of 18 Pa.C.S. §5504(a)(1). That section provides:

"A person commits a misdemeanor of third degree if, with intent to harass another, he: (1) makes a telephone call without intent of legitimate communication or addresses to or about such other person any lewd, lascivious or indecent words or language or anonymously telephones another person repeatedly. . . ." 18 Pa.C.S. §5504(a)(1).

Since it was undisputed that the telephone calls

were not anonymous and that defendant did not use any lewd, lascivious or indecent words, the court charged the jury that they could only find defendant guilty if they found the following two elements: (1) that defendant made a telephone call to another without intent of legitimate communication,* and (2) that defendant did so with the intent to harass that person.

The test for determining the sufficiency of evidence is whether, accepting as true all evidence and reasonable inferences therefrom upon which the fact finder could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that defendant is guilty of the crime charged. *Commonwealth v. Ford,* 472 Pa. 542, 372 A.2d 821 (1977).

Defendant argues that the evidence was insufficient to prove his guilt in that his telephone calls to the victim were made, and under the evidence could only be viewed as made, with the intent of legitimate communication. Specifically, defendant identifies such "legitimate" purpose to have been his attempt to ascertain what information had been given to the police when they were called for assistance following defendant's conduct that gave rise to the other charges of which he was convicted by the jury. Defendant designates as irrelevant for purposes of this offense the fact that he was both extremely angry and threatened during the calls to burn down the victim's trailer and hurt her loved ones if he wasn't given the information he wanted. We disagree; their relevance is patent as they support the element of intent to harass.

The term "legitimate communication" as used in

---

* The court did not further define "legitimate" for the jury. Defense counsel did not submit a point for charge on the issue nor object to the court's charge.

18 Pa.C.S. §5504 is not defined in the Crimes Code. Our research has failed to disclose any reported court decisions construing that term either directly, by specifically positing a definition, or indirectly, by identifying certain conduct as lacking the intent of "legitimate communication." The official comment to 18 Pa.C.S. §5504 notes that the section is derived from section 250.4(1) and (3) of the Model Penal Code but it also lacks a definition of the term "legitimate communication." The comment to section 250.4 states only that the term "invites judicial development." See Model Penal Code, section 250.4, comment 2, p. 362 (1980 edition). The comment does state that the term "legitimate communication" "plainly excludes many calls that are intended to annoy the victim and have precisely that effect."

Webster's Ninth New Collegiate Dictionary's definition of "legitimate" includes: "conforming to recognized principles or accepted rules and standards," "to be justified." Black's Law Dictionary defines it as "that which is lawful." We believe these definitions are appropriate to apply in defining the term in the context of its use in the harassment by communication section of the Crimes Code. As so applied, a "legitimate communication" would be a communication that is justified in the sense that its purpose conforms to recognized and accepted standards of good conduct and decency and in that sense is otherwise lawful. We do not believe and we decline to hold that the purpose to be legitimate must not be unlawful in the sense that it does not violate a specific rule of law. So construed we will now review the evidence.

Viewing the evidence most favorably to the commonwealth as verdict winner as we must, the evidence showed that defendant engaged in an

abusive course of conduct during the evening of April 28, 1987. The conduct commenced with a verbal argument at Darlene Bare's trailer at which time defendant argued with Ms. Bare and physically prevented her from leaving. He then argued and physically struggled with the victim, Vicki Barker. Defendant swung an axe handle in the air in a menacing manner eventually smashing the windows on Ms. Bare's vehicle. He then proceeded on foot to another residence where both Ms. Bare and Ms. Barker had retreated. Again brandishing his axe handle, defendant smashed the window on that trailer. It was then that the two women called the police for assistance.

Later that evening Ms. Barker arrived at her own home. During the course of one hour defendant made at least three telephone calls to Ms. Barker during which, in a loud and boisterous voice, he demanded that she tell him who called the police and whether his photograph had been given to the police. Ms. Barker told defendant not to call her. Defendant nevertheless called again with the same demand and by the third call threatened to burn Ms. Barker's trailer and hurt her loved ones. Ms. Barker testified she feared for her safety since defendant had threatened to kill her on a previous occasion.

Defendant claimed at trial, as he does now, that his purpose in calling was merely to procure information important to him and, as such, was a legitimate purpose. In order to appreciate the character of the telephone calls, it is necessary to place them in the context of the evening as a whole. Defendant, a man known to have violent tendencies, had earlier argued and physically struggled with both Darlene Bare and Vicki Barker. He wielded an axe handle in a menacing manner, smashed the windows on Ms. Barker's vehicle, stalked the two women to the

home where they had retreated and smashed a window at that home. In the context of the total chain of events, the subsequent telephone calls to Ms. Barker were understood by the jury as communications of an angry and boisterous man demanding to know both the identity of the person who reported him to the police for his earlier illegal conduct and the nature of information provided to them about his identity.

Since defendant did not testify the only evidence about the calls was the testimony of the victim recipient Ms. Barker. Thus, in determining whether defendant's purpose was legitimate the jury had only the words used in the calls themselves to consider. We are unwilling to hold, as was the jury to find, that a man who has been reported to the police for violent and assaultive conduct has the right to telephone his victim and demand to know the identity of the reporter and whether his picture was provided to the police. A creative mind might conceive of a benign purpose for the call, however the most likely purposes are retaliation and escape. These purposes are not legitimate in the sense of that term as used in the Crimes Code. Such purposes do not conform to accepted standards or norms and are not justified or lawful in that sense. The jury so understood and their finding of guilt was justified as supported by sufficient evidence.

Accordingly, we enter the following

## ORDER

And now, April 20, 1988, defendant's motions for a new trial and in arrest of judgment are denied and defendant is directed to appear for sentencing at the call of the district attorney upon completion of a pre-sentence investigation that is directed to be prepared forthwith.