J-S85020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD FREIDLAND A/K/A EDWARD FRIEDLAND | : | |
| | : | |
| | : | No. 236 EDA 2016 |
| Appellant | : | |

Appeal from the Judgment of Sentence September 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010658-2012,
CP-51-CR-0010659-2012

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                **FILED JANUARY 10, 2017**

Appellant Edward Freidland appeals from the judgement of sentence entered on September 18, 2015, arising out of his participation in an armed robbery.  Appellant was sentenced to life without the possibility of parole for second-degree murder to run concurrently with fifteen to fifty years' incarceration for conspiracy to commit robbery, aggravated assault, and two Violations of the Uniform Firearms Act (VUFAs).[1]  We affirm.

The facts elicited from testimony and demonstrative video-recordings at trial are as follows.[2]  Appellant's co-defendant Angel Nieves ("Co-Defendant") was wearing a blue baseball cap and white-striped pants when

---

[1] Respectively, 18 Pa.C.S. § 2502(b), § 903, § 2702, § 6106(a)(1), § 6108.

[2] A detective testified at trial to interpret the video recordings of the events.

he entered La Familia Latina Market ("Market") owned by Antonio Monegro ("Storeowner") on the evening of March 18, 2012. *See* Notes of Testimony (N.T.), 9/16/15, 57, 185-86. While talking on his cellphone, Co-Defendant spoke with the cashier, purchased a juice, exited the store, and reentered the store a couple minutes later. *See id.* at 186-187. Telephone records indicated that Co-Defendant had made multiple telephone calls to Appellant during this time. N.T., 9/17/15, 97-99.

When Storeowner crossed the store to bring money from the lotto machine into the back office, Appellant entered the store holding up a silver handgun. *See* N.T., 9/16/15, at 17-19. Appellant stood in the doorway and said "nobody move." *Id.* at 57. Storeowner reached for a black pistol that he had in his holster for security reasons. *See id.* at 17. Storeowner and Appellant struggled, and multiple shots were fired. *See id.* at 51, 190-191, 195, 113-114. Appellant shot the Storeowner, and Storeowner shot Appellant in his arm and jaw. *See id.* Appellant lost his grip on the silver gun and fled the Market without his gun. *See id.* at 195

Rafael De Valle ("Victim"), who was a friend of Storeowner, pursued Appellant with the Storeowner's black pistol. *See id.* at 24, 189-190. Co-Defendant picked up Appellant's silver gun and ran after Victim and Appellant. *See id.* at 190-191, 195. Co-Defendant Nieves and Victim exchanged gunfire on the street. *See id.* at 190-192. After getting struck

multiple times, Victim fell to the ground and died in the street. ***See id.*** at 192-193; ***see also*** Trial Ct. Op., 4/25/2016, at 3-4.

Later that evening, Appellant received treatment at a local hospital for gunshot wounds in his right calf, shoulder, and mouth. ***See*** N.T., 9/17/15, at 52. An officer, who spent time with Appellant in the hospital, testified at trial that Appellant's mouth had fresh blood and was missing a tooth. ***See id.*** The police found Appellant's tooth at the crime scene. ***See id.*** at 217.

On March 21, 2012, Appellant was arrested on the charges of attempted murder of the Storeowner, aggravated assault, robbery and violations of VUFA. In July 2012, Appellant was re-arrested and charged with the murder of Victim and conspiracy to commit robbery.[3] The two bills of information were consolidated for a two-day, non-jury trial, resulting in Appellant's conviction of the charges enumerated above. Sentencing occurred on the following day. ***See*** N.T. Sentencing, 9/18/2016. Following an unsuccessful motion for a new trial, Appellant timely appealed and filed a Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion. ***See*** Trial Ct. Op., 4/25/2016.

---

[3] Appellant filed a motion to quash the murder and conspiracy charges on the basis that the Commonwealth failed to establish "a prima facie case of criminal conspiracy" at a preliminary hearing. Appellant's Motion to Quash, 2/7/2013. The trial court denied that motion. ***See*** Trial Ct. Order, 2/25/2013.

J-S85020-16

On appeal, Appellant challenges the sufficiency and weight of the evidence to support his conviction. Specifically, Appellant presents two issues:

1. Is the [Appellant] entitled to an arrest of judgment where, as here, the evidence is insufficient to sustain the verdict of murder in the second degree?

2. Is the [Appellant] entitled to a new trial on the charge of murder in the second degree, where, as here, the greater weight of the evidence does not support the verdict?

Appellant's Br. at 3.

First, Appellant contends that the evidence is insufficient to sustain a conviction for felony murder. He argues that Commonwealth failed to establish that the death of Victim "occurred in the furtherance of a felony." Appellant's Br. at 9, 12-14. In this context, Appellant asserts that Victim's death was not foreseeable. *See id.* at 11-12. Appellant also suggests that Victim bears responsibility for his own death. *See id.* at 15-16.[4]

Our standard of review is well-settled:

In reviewing the sufficiency of the evidence, we must determine whether the evidence, and all reasonable inferences deducible

---

[4] We decline to address this final argument in detail. Appellant relies on **Commonwealth v. Chermansky**, 242 A.2d 237, 241 (Pa. 1968) (holding that defense of "excusable homicide by misadventure" did not apply when killing resulted from defendant's unlawful act). In so doing, Appellant suggests Victim unlawfully pointed his gun at him and that Victim's death resulted from *his own* unlawful act. Appellant's Br. at 15. Appellant's reliance on **Chermansky** is inapposite because the issue here is not whether Victim's actions were justified, but whether homicide occurred during felonious conspiracy.

- 4 -

therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all the elements of the offense(s) beyond a reasonable doubt.

***Commonwealth v. Hughes***, 639 A.2d 763, 766 (Pa. 1994) (citing ***Commonwealth v. Rhodes***, 510 A.2d 1217 (Pa. 1986)).

To sustain a conviction for second-degree murder, commonly known as felony murder in Pennsylvania, the Commonwealth must establish that a criminal homicide was committed while "the defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S. § 2502(b); ***see Commonwealth v. Mitchell***, 135 A.3d 1097, 1101–02 (Pa. Super. 2016), *appeal denied*, 145 A.3d 725 (Pa. 2016). "Perpetration of a felony" is "[t]he act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping." 18 Pa.C.S. § 2502(d). The felony murder doctrine applies when a killing occurs "during escape or flight from the scene of a felony or attempted felony." ***Commonwealth v. Horsey***, 393 A.2d 1, 2 (Pa. 1978). A person may be held liable for second-degree murder on the basis of conspiratorial liability. ***See Commonwealth v. King***, 990 A.2d 1172, 1178 (Pa. Super. 2010).

Contrary to Appellant's contention, the "statute defining second-degree murder does not require that the homicide be foreseeable." ***Commonwealth v. Lambert***, 795 A.2d 1010, 1022 (Pa. Super. 2002). "It

- 5 -

does not matter whether [a defendant] anticipated that the victim would be killed in furtherance of the conspiracy." *Id.* at 1023 (citation omitted). "[E]ven where an individual conspirator does not contemplate killing the victim, the killing is not beyond the scope of the conspiracy if the killing is a *natural and probable consequence* of a co-conspirator's conduct." *King*, 990 A.2d at 1178 (emphasis added) (citing *Commonwealth v. Baskerville*, 681 A.2d 195, 201 (Pa. Super. 1996)).

In this case, the Commonwealth presented telephone records that showed the co-defendant and Appellant made multiple phone calls to each other during the minutes leading up to the robbery. Appellant entered the Market with a deadly weapon and shot the Storeowner. After a skirmish with Storeowner, Appellant fled, and Victim gave chase. Co-Defendant grabbed Appellant's gun and also fled the scene. Shortly thereafter, Cod-Defendant shot Victim with Appellant's gun. After reviewing this evidence, the trial court found that Appellant's Co-Defendant "clearly shot and killed [Victim] to enable [Appellant] to flee the scene after robbing [Storeowner]." Trial Ct. Op., 4/25/16, 10-11.

This evidence is sufficient to establish that the murder occurred while Appellant was fleeing the scene after committing a robbery. Moreover, Appellant and Co-Defendant acted in concert in perpetrating the robbery, and Co-Defendant aided Appellant in his felonious flight therefrom by shooting Victim. Based on Appellant's participation in the conspiracy to

commit robbery, Appellant is liable for all of the natural and probable consequeses of the conspiracy, including the murder committed by his Co-Defendant in furtherance of their common scheme. ***Horsey***, 393 A.2d at 2; ***Mitchell***, 135 A.3d at 1101-02; ***King***, 990 A.2d at 1178; 18 Pa.C.S. § 2502(d). Accordingly, Appellant's argument is without merit.

Second, Appellant challenges the weight of the evidence and requests a new trial. Appellant's Br. at 18. He contends that the "verdict was based on speculation, conjecture, and surmise." ***Id.***

Our standard of review is well-settled:

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence  A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant. Our review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.

***Commonwealth v. Chamberlain***, 30 A.3d 381, 396 (Pa. 2011) (internal citations omitted).

In support of his claim that the verdict is against the weight of the evidence, Appellant suggests that there was a break in the events after he fled the Market and claims he should not be responsible for someone with a gun killing a third party while Appellant was unarmed. Appellant's Br. at 17-18 (referencing ***Commonwealth v. Lessner***, 118 A. 24, 25 (Pa. 1922)

- 7 -

(recognizing that a "break in the chain of the events" may relieve a co-conspirator of subsequent crimes committed by former co-conspirators); *see also Commonwealth v. Kelly*, 4 A.2d 805, 808 (Pa. 1939) (distinguishing abandonment of mens rea from felonious flight)).

Appellant's claim is devoid of merit. Victim was not shot by a random bystander, but rather a co-conspirator, acting in concert with Appellant in furtherance of a robbery. Here, Appellant does not identify any break in the chain of the events to support his argument, nor does the evidence suggest that one took place. *See* Appellant's Br. at 18 (conceding that robbery led to Victim chasing Appellant down the street)*.* Appellant's flight from the scene of the robbery was not a 'break in the chain of events' or abandonment of his criminal intent whatsoever. *See Kelly*, 4 A.2d at 808

Drawing all reasonable inferences from the facts addressed at trial, the court, sitting as fact-finder, determined the murder occurred while Appellant was in "flight after committing, or attempting to commit robbery," a felony. *See* 18 Pa.C.S. § 2502(d). As this verdict does not shock our sense of justice, we discern no abuse of the trial court's discretion or error of law. *See Chamberlain*, 30 A.2d at 396.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/2017