NOT DESIGNATED FOR PUBLICATION

No. 122,800

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VICTORIA L. JENKINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR, judge. Opinion filed October 1, 2021. Reversed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON P.J., BRUNS and ISHERWOOD, JJ.

PER CURIAM:  As a Jackson County District Court judge deliberated on the evidence the State had presented in a bench trial prosecuting Victoria L. Jenkins for obstructing sheriff's officers who sought to apprehend her boyfriend, he decided to change the theory of the case and entered a judgment of conviction accordingly. Jenkins has appealed on multiple grounds. Among them, she argues the evidence does not support her conviction on the theory the judge ultimately considered. We agree. The appropriate remedy requires we reverse Jenkins' conviction, vacate the sentence, and enter a judgment of acquittal.

1

The State charged Jenkins with obstruction, a felony violation of K.S.A. 2020 Supp. 21-5913, for hiding Shawn Duble in her home in October 2019 as the sheriff's officers sought to take him into custody on an arrest warrant issued because he had failed to report to his probation officer earlier in the day. We dispense with a protracted discussion of the procedural and factual history of the case. The State and Jenkins tried the case to the district court in January 2020 on stipulated facts. We glean the circumstances from the stipulation that consisted of a 10-paragraph narrative of the events, the arrest warrant for Duble, a search warrant for Jenkins' home, and two bodycam videos of the officers' interaction with Jenkins at her home as they attempted to find Duble.

In an amended complaint, the State again charged Jenkins with one count of "obstructing apprehension or prosecution," a crime proscribed in K.S.A. 2020 Supp. 21-5913(a)(1) as "knowingly harboring, concealing or aiding any person who . . . [h]as committed or who has been charged with committing a felony or misdemeanor under the laws of this state." The amended complaint specifically identified Duble as the person Jenkins aided and the arrest warrant for the probation violation as the crime Duble had committed. The officers had reason to believe Duble was at Jenkins' house. As we indicated, Jenkins refused to allow the officers to look for Duble because they did not have a search warrant. In one of the bodycam videos, Jenkins unequivocally tells the officers Duble is not there.

The officers withdrew from the house and promptly obtained a search warrant to enter the house to look for and seize Duble. They found Duble hiding under a bed in a backroom. The State then charged Duble in a separate case with interference with law enforcement in violation of K.S.A. 2020 Supp. 21-5904(a)(3) for "obstructing, resisting, or opposing" the execution of the arrest warrant for him by hiding under the bed. And the State charged Jenkins in this case.

2

After the district court judge received the stipulated evidence and heard the arguments of the lawyers in this case, he apparently concluded the charge against Jenkins in the amended complaint would not support a conviction because an arrest warrant for a probation violation does not itself reflect or entail a crime as contemplated in K.S.A. 2020 Supp. 21-5913. We can discern the judge's thinking from the written order he entered explaining his reasoning in finding Jenkins guilty. Confronted with that legal obstacle during his deliberations, the judge then took judicial notice of the charge against Duble for interference and substituted it for the arrest warrant as the predicate crime for the obstruction charge against Jenkins. Neither party had asked the judge to take judicial notice of the case against Duble or of anything filed in that case, and the complaint against Duble was not otherwise included in the stipulated evidence. Having revamped the charge against Jenkins, the district court judge found her guilty.

The district court later imposed a standard guidelines sentence of 10 months in prison on Jenkins with postrelease supervision for 12 months and placed her on probation for 12 months. Jenkins has appealed.

On appeal, Jenkins has challenged her conviction on multiple bases, including the district court judge's use of judicial notice to revise the factual underpinning of the charge as outlined in the amended complaint and the sufficiency of the evidence to support the revised charge. She contends the revision entailed an impermissible use of judicial notice and implicated her constitutional due process right to fair notice of the charge against her. Although we entertain substantial reservations about what the district court judge did during his deliberation of the case, we put them to one side and focus on the sufficiency challenge Jenkins has asserted.

To be guilty of obstruction under K.S.A. 2020 Supp. 21-5913, a defendant must harbor, conceal, or aid a person who has already committed a crime. In other words, the predicate crime of the other person must have been completed at the time the defendant's

3

obstruction occurs. The Kansas Supreme Court so recognized in *State v. Busse*, 252 Kan. 695, 696, 847 P.2d 1304 (1993). In *Busse*, the court simply carried forward an established principle of Kansas criminal law. While the court considered what was then labeled as "aiding a felon," the proscribed conduct matches the prohibition in the current obstruction statute, K.S.A. 2020 Supp. 21-5913. The rule outlined in *Busse*, therefore, remains good law and governs here.

We need not delve into the historical foundations for the crimes of aiding a felon or obstruction. Basically, they criminalize as a distinct offense helping someone who has already committed a crime to evade capture. By contrast, under the statutory principles of criminal liability in Kansas, if one person aids or assists another person who is in the process of committing a crime, the person rendering the aid or assistance is guilty of that crime. K.S.A. 2020 Supp. 21-5210(a). So someone who acts as lookout or a getaway driver for a pair of armed robbers is guilty of aggravated robbery rather than obstruction, especially since successful flight from the immediate scene is part of the crime. See *State v. Gleason*, 277 Kan. 624, 634-35, 88 P.3d 218 (2004) (lookout); *State v. Hearron*, 228 Kan. 693, 694-95, 619 P.2d 1157 (1980) (immediate flight part of crime); *State v. Burton*, 35 Kan. App. 2d 876, 880-81, 136 P.3d 945 (2006) (getaway driver).

Duble's interference with the law enforcement officers looking to take him into custody for the probation violation continued throughout the time he hid in Jenkins' house and was ongoing when Jenkins told the officers he was not there. In short, Duble's crime had not been completed at the time Jenkins misled the officers. Jenkins, therefore, could not be guilty of obstruction in violation of K.S.A. 2020 Supp. 21-5913 on the stipulated evidence and the charge as the district court revised it.

When insufficient evidence supports the crime of conviction, we are obligated to reverse the conviction, vacate the sentence, and enter a judgment of acquittal. *State v. Baumgarner*, 59 Kan. App. 2d 330, 341, 481 P.3d 170 (2021). We do so here. Given our

4

resolution of this issue, we need not and do not consider the other points Jenkins has raised on appeal.

Conviction reversed, sentence vacated, and judgment of acquittal entered.